**IN THE COURT OF APPEALS OF IOWA**

No. 17-0773
Filed September 13, 2017

**IN THE INTEREST OF B.T.,**
**Minor Child,**

**N.T., Mother,**
        Appellant.
_____


        Appeal from the Iowa District Court for Polk County, Romonda D. Belcher,

District Associate Judge.


        A  mother  appeals  from  the  order  terminating  her  parental  rights.

**AFFIRMED.**



        Bridget  M.  Bott  of  Bott  Law  Office,  P.L.L.C.,  West  Des  Moines,  for

appellant mother.

        Thomas  J.  Miller,  Attorney  General,  and  Ana  Dixit,  Assistant  Attorney

General, for appellee State.

        Erin E. Mayfield of the Youth Law Center, Des Moines, for minor child.



        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

A mother appeals from the juvenile court's order terminating her parental rights to her child, B.T., born in 2015.[1]  She argues the State failed to prove the statutory grounds for termination by clear and convincing evidence and the juvenile court erred in determining termination was in B.T.'s best interest.

The family came to the attention of the Iowa Department of Human Services (DHS) in January 2015, shortly after B.T. was born with a congenital heart defect and only one kidney.  The parents were homeless, with an ongoing history of homelessness, and a history of domestic violence.  The mother had a history of not being able to meet her own medical needs throughout her pregnancy and was being treated for scabies.  While the parents were staying at the hospital with B.T., they and B.T. were found to have lice and were treated.

In May 2017, the juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(h) (2016).  We review termination-of-parental-rights proceedings de novo.  *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016).  "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses."  *Id.* (quoting *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014)).  Our primary consideration is the best interests of the child.  *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

Under section 232.116(1)(h), the court may terminate parental rights if the court finds the State has proved by clear and convincing evidence the child (1) is three years of age or younger; (2) has been adjudicated a child in need of assistance (CINA); (3) has been removed from the physical custody of the parent

---

[1] The father's rights were also terminated.  He did not appeal.

for at least six of the last twelve months, or the last six consecutive months and any trial period at home has been less than thirty days; and (4) cannot be returned to the parent's custody at the time of the termination hearing.

The mother does not dispute the State proved the first three elements required under section 232.116(1)(h): at the time of the termination hearing, the child was under the age of three, had been adjudicated CINA in March 2015, and had been removed from the mother's physical custody since March 2015 without any trial periods at home. The mother argues, however, the State failed to prove the fourth element: the child could not be returned to her custody at the time of the termination hearing. Following the termination hearing in April 2017, the juvenile court found:

> The child has extensive medical needs and despite the mother having completed the necessary training to care for the child, the mother has not been able to demonstrate an ability to do so if the child were returned to her home today. The mother is not aware of child's specific medical needs or necessary feeding. Further, the mother has not adequately addressed her mental health or domestic violence issues to prevent any further adjudicatory harm if the child were to be returned today.

Although the mother reported she has been compliant with taking her medication to treat her borderline personality disorder diagnosis, she admitted at trial that during the nearly two-year duration of DHS involvement she had not been going to mental-health therapy to address her borderline personality disorder as recommended by DHS, but she claimed to have an upcoming appointment. She admitted she has a significant history of being the victim of domestic violence but at the time of trial had been unable to arrange for any help to address how to break a long cycle of repeated violent relationships. The

mother acknowledged B.T. requires extra assistance with eating but was not aware of the child's current feeding level, and the mother admitted she would need additional training before being able to feed B.T. The mother also testified she was not "up to date on [B.T.'s] medical needs at this time."

In this appeal, the mother argues she has made significant progress in many areas. We agree, and acknowledge she has made efforts and progress during the two years since B.T.'s removal. Despite her efforts and progress, after our de novo review, we agree with the district court the evidence is clear and convincing that B.T. could not be returned to the mother's care at the time of the termination hearing.

We next consider whether "termination of parental rights would be in the best interest of the child under section 232.116(2)." *M.W.*, 876 N.W.2d at 224. The mother has had difficulties protecting herself from domestic violence and meeting her own physical and mental-health needs. Her parental rights to two other children were previously terminated in another state. B.T. has special health needs, the child has been in foster care nearly her entire life, and after two years the mother has not progressed to the point of unsupervised visitation.

We must now view this case with a sense of urgency. *See In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000); *see also In re A.B.*, 815 N.W.2d 764, 777 (Iowa 2012) ("It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." (quoting *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010))). "[A]t some point, the rights and needs of the child[] rise above the rights and needs of

the parent." *In re C.S.*, 776 N.W.2d 297, 300 (Iowa Ct. App. 2009). This child needs and deserves permanency and stability. *See In re D.W.*, 791 N.W.2d 703, 709 (Iowa 2010) (noting a mother's "inability to anticipate and provide for her son's long-term welfare is a rocky foundation in which a child cannot find permanency"); *In re C.K.*, 558 N.W.2d 170, 175 (Iowa 1997) ("It is simply not in the best interests of children to continue to keep them in temporary foster homes while the natural parents get their lives together."). B.T. is strongly bonded with the pre-adoptive mother in the home where she has been placed since October 2015. Termination is in this child's best interests.

The evidence does not support applying any of the permissible exceptions under section 232.116(3). The relationship between the mother and B.T. is not so close as to constitute proof by clear and convincing evidence that termination would be detrimental.

Accordingly, we affirm the juvenile court's order terminating the mother's parental rights pursuant to Iowa Code section 232.116(1)(h).

**AFFIRMED.**